[Civ. No. 9346. First Appellate District, Division Two.—June 4, 1934.]

CALIFORNIA BANK (a Corporation), Plaintiff, v. MORRIS NOTRICA, Appellant; ELSIE KRISTOVICH et al., Respondents.

Louis Budway for Appellant.

James H. Mitchell, Amos Friedman, G. C. De Garmo, W. M. Crane, Milton A. Krug, Leo M. Zinner, Charles F. Lowy, Paul Peiper and George W. Fenimore for Respondents.

NOURSE, P. J.—The plaintiff sued to interplead the several claimants to a fund held by the bank under escrow. An order of interpleader was duly made, the fund was deposited in court, and the cause went to trial on the answers and cross-complaints of the respective parties. From the judgment the defendant and cross-complainant, Morris Notrica, has appealed on a bill of exceptions.

Briefly the facts are that defendant Trerotola and his wife, as owners of a fruit and vegetable stand operated in the Jess Willard market, entered into a written agreement with appellant to sell the entire business for the sum of $3,130, plus an item of $390 which was paid by appellant to satisfy a claim of an attaching creditor. The principal sum was deposited with the bank as escrow-holder under instructions to the bank to hold for the benefit of creditors and until the further joint instructions of both parties. Notice of sale was given and recorded and the appellant took immediate possession of the premises operating the same for about two months. During this period the appellant, through his attorney, acquired by assignment the claim of the lessor for rent due and immediately caused an attachment to be levied and the premises, including fixtures and all other property, to be sold at judicial sale. The appellant thereupon secured a new lease from the owner, supplied new fixtures and stock in trade, and operated the business in his own name. Thereupon the appellant gave written notice to the bank that, because of this attachment and sale of the business, he elected to cancel and rescind the sale from Trerotola and demanded a return of the money left in escrow.

Upon this evidence the trial court found that the creditors relied on the assets of the business for the payment of their claims and that the appellant had permitted and directed the subject matter of the escrow to be dissipated and wasted. It was further found that, under the express terms of the escrow, the appellant could not rescind for the reason given or in the manner followed by him. From these findings the conclusion followed that appellant was estopped from asserting any right to the return of the purchase price to the injury of the creditors.

We cannot follow the statement of questions assigned by the appellant because no one of them is in accord with the evidence of record. The whole case is controlled by two elementary principles. First, that a party cannot take advantage of his own wrong. Thus, if the completion of the sale was prevented by the attachment and sale for rent due, this was brought about by the connivance of the appellant for the purpose of defeating the just claims of other creditors. As this was the only ground assigned for the attempted rescission it is apparent that appellant did not qualify under section 1689 of the Civil Code as a party entitled to rescind.

Secondly, the judgment must be affirmed because it presents all the elements of an estoppel within the provisions of section 1962, subdivision 3, of the Code of Civil Procedure. Here the appellant prevailed upon the creditors to withhold suit and attachment of the available assets and to look only to the escrow fund for settlement of their claims. He then secured for his own use or dissipated all the available assets and sought a rescission of the escrow agreement and a return to him of the entire fund. As the Supreme Court say in *Burgess* v. *California Mutual Bldg. & Loan Assn.*, 210 Cal. 180, 188 [290 Pac. 1029, 1032], this doctrine of equitable estoppel "is applied, when necessary, to prevent the acts of a party from operating as a fraud upon one who has been deliberately led to rely thereon".

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.